# IN THE COURT OF APPEALS OF IOWA

No. 21-0081
Filed April 14, 2021

**IN THE INTEREST OF D.-M.A. and S.S.,**
**Minor Children,**

**D.S., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Wapello County, William Owens, Associate Juvenile Judge.

A mother appeals the juvenile court order terminating her parental rights. **AFFIRMED.**

Sarah Wenke, Ottumwa, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Mary Baird Krafka of Krafka Law Office, Ottumwa, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., Ahlers, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**DANILSON, Senior Judge.**

A mother appeals the juvenile court order terminating her parental rights. The court properly denied the mother's request for an extension of time to work on reunification, as she made very little, if any, progress and it is unlikely the need for removal would no longer exist after six months. Also, termination of the mother's parental rights is in the children's best interests. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

D.S. is the mother of S.S., born in 2012, and D.-M.A., born in 2019.[1] The mother has a history of problems with substance abuse. There were also concerns about her mental health. Her parental rights were terminated to four older children.

In April 2018, the Iowa Department of Human Services (DHS) received reports that the mother was using methamphetamine. Police officers searched the mother's home and found a large quantity of marijuana and some methamphetamine in a child's bed. S.S. was removed from the mother's care and placed with a maternal aunt. On June 1, 2018, S.S. was adjudicated to be in need of assistance (CINA), under Iowa Code section 232.2(6)(c)(2) (2018). Notwithstanding multiple positive drug tests between November 2018 and January 2019, the child was returned to the mother's care on April 5, 2019, shortly after D-M.A.'s birth.

A few months after D.-M.A. was born, the mother again tested positive for methamphetamine, amphetamines, and hydrocodone. On July 23, 2019, D.-M.A.

---

[1] The father of S.S. is deceased. The father of D.-M.A. is W.A. The court terminated W.A.'s parental rights, and he has not appealed.

was adjudicated CINA pursuant to section 232.2(6)(c)(2) and (n) (2019). The court permitted the children to remain with the mother "as long as she remains in residential substance abuse treatment." However, the mother continued to seek a "high" by using inhalants while on weekend passes. Before the mother could complete treatment in early September, the residential staff reported to DHS that she was discovered talking incoherently and acting in a bizarre fashion. Accordingly, the children were removed from her care on September 6. The children were placed with the maternal aunt. The mother had problems maintaining sobriety and was inconsistent in her interactions with the children.

The mother once again tested positive for methamphetamine on April 28, 2020. On August 7, the State filed a petition seeking termination of the mother's parental rights. On August 23, during a video chat with the children, W.A. turned his phone, and the foster parents observed the mother apparently "huffing" an inhalant. The mother was inconsistent in attending treatment for substance abuse and was unsuccessfully discharged in October. On October 25, the mother was arrested for domestic abuse assault. As of November 30, the mother remained in jail on this charge.

The juvenile court entered an order on January 4, 2021, terminating the mother's parental rights under section 232.116(1)(f) (S.S.), (g) (both children), and (h) (D.-M.A.) (2020). The court found the children could not be placed with the mother at the time of the termination hearing or in the foreseeable future. The court denied the mother's request to extend the case for an additional six months, noting the mother had made no progress toward reunification and stating, "[I]t is time for the child[ren] to achieve the permanency the law requires and [they]

deserve[]." The court found termination of the mother's parental rights was in the children's best interests. The mother now appeals.

## II.    Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.    Extension of Time

The mother claims the juvenile court should have granted her an additional six months to work on reunification. She claims she made reasonable progress because she was addressing her mental-health issues and planned to attend a substance-abuse treatment program. She contends the children could be returned to her within six months.

The juvenile court may decide to not terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). The court may continue the proceedings for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

The juvenile court considered a six-month extension and noted the CINA case had been in place for a substantial amount of time. The court determined the

mother essentially made no progress toward having the children returned and they needed permanency. We agree with the juvenile court's findings. The problems that led to the removal of the children remained at the time of the termination hearing. The mother made very little, if any, progress during the CINA proceedings, and we find it is unlikely the need for removal would no longer exist after six months. *See id.* We conclude the court properly denied the mother's request for an extension of time.

## IV.    Best Interests

The mother asserts that termination of her parental rights is not in the children's best interests. In considering a child's best interests, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

The children need permanency, which the mother is not able to provide. The mother has not been able to maintain sobriety and has been inconsistent in attending to her mental-health problems. We find termination of the mother's parental rights is in the children's best interests.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**